# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-381V
UNPUBLISHED

| | |
|---|---|
| DEBRAH ATKINS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: November 18, 2022<br><br>Show cause; failure to prosecute; influenza (flu) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*David J. Carney,* Green & Schafle, LLC, Philadelphia, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On January 8, 2021, Debra Atkins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration from an influenza vaccine she received on October 25, 2019. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

On February 1, 2021, the PAR Initial Order issued requiring Petitioner to file medical records and other statutorily required supporting documentation. ECF No. 5. On May 11, 2021, Petitioner filed an amended petition, medical records, and a Statement of Completion. ECF Nos. 6-10.

After Pre-Assignment Review of the case, I issued an order on June 11, 2021, requiring Petitioner to file, *inter alia*, medical records in support of the severity requirement, i.e., that her shoulder injury persisted for more than six months or resulted in inpatient hospitalization and surgical intervention. ECF No. 11. Petitioner received three extensions of time but did not file any medical records to support the severity requirement.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 24, 2022, Petitioner's counsel filed a status report indicating that despite repeated attempts he had been unable to contact Petitioner since November 2021. ECF No. 16. Counsel requested that the Court issue a show cause order for counsel to send to Petitioner's last know mailing address.

On June 24, 2022, I issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 17. On July 20, 2022, counsel filed evidence that the Order to Show Cause had been served on Petitioner by certified mail. ECF No. 18. In a filing submitted on August 28, 2022, counsel indicated that Petitioner continued to be unresponsive.

## Grounds for Dismissal

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the June 24, 2022 Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the response to the Order to Show Cause, Petitioner has been out-of-touch with her counsel since at least November 2021. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."